NOTICE
Decision filed 08/10/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240302-U

NO. 5-24-0302

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 11-CF-660 |
| | ) | |
| MICHAEL S. BURGUND, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE CLARKE* delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the first-stage summary dismissal of the defendant's postconviction petition, where the defendant failed to attach the required documentation.

¶ 2     The defendant, Michael S. Burgund, appeals from the Madison County circuit court's order dismissing his *pro se* postconviction petition, alleging that he stated the gist of the constitutional claim. For the following reasons, we affirm.

¶ 3                          I. BACKGROUND

¶ 4     This appeal involves the defendant's second jury trial for the offenses of which he was convicted. Following the defendant's first jury trial in 2012, this court reversed the defendant's

*Justice Moore was originally assigned to the panel before his retirement. Justice Clarke was substituted on the panel and has read the briefs.

1

convictions and remanded for a new trial. See *People v. Burgund*, 2016 IL App (5th) 130119. In May 2018, the defendant was tried and convicted during his second jury trial on five counts of predatory criminal sexual assault of a child against his daughters, M.B. and K.B. On August 1, 2018, the trial court denied the defendant's motion for a new trial and sentenced him to a mandatory natural life sentence and ordered him to pay restitution in the amount of $61,293.44.

¶ 5    The defendant then appealed to this court, arguing that (1) the evidence was insufficient to support his convictions with regard to K.B.; (2) the trial court erred in barring evidence that was relevant to the defense's theory on hearsay grounds; (3) his counsel was ineffective for failing to use available evidence to undermine Dr. Laura Hill's testimony, who suggested that a wide variety of doctor's appointments and ailments were suggestive of ongoing abuse; and (4) the restitution order entered as part of the his sentence should be vacated. On June 24, 2022, this court affirmed the defendant's sentence and conviction but vacated the restitution order. See *People v. Burgund*, 2022 IL App (5th) 180378-U.[1]

¶ 6    Following his appeal, on October 26, 2023, the defendant filed a *pro se* postconviction petition. In the petition, the defendant explains that he was late to file the petition because, beginning in April 2023, he was seeking an attorney to file his petition, and the attorney who agreed to look into his case told him on September 29, 2023, that "after reading the entirety of the records and conducting extensive legal research," he would not be filing the petition. Thereafter, the defendant sought to file a *pro se* petition, but it was difficult because he is "in a position where [he] cannot do things, go places, or speak to people in a timely manner. This includes going to the [l]aw [l]ibrary to do legal research, have affidavits notarized, or mak[e] copies."

---

[1]This order was filed under Illinois Supreme Court Rule 23 (eff. Jan. 1, 2021) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

¶ 7    In his petition, the defendant stated that his religious beliefs involve "spiritual gifts" or "supernatural gifts of the spirit" that were central to his defense. The defendant explained his religious views and how his religious views have their own subculture and beliefs in supernatural gifts. The defendant asserts that his attorneys were ineffective because they failed to adequately cross-examine Pastor Mark Church and his mother-in-law, Mary Buttry, during the trial regarding those beliefs to expose their inconsistent testimony. The defendant also asserted that his attorneys were ineffective for failing to direct him during his own testimony to teach the jury about his religious beliefs. Lastly, the defendant asserted that his attorneys failed to present Kharissa Guss's and Emily[2] Delp's testimony at trial to rebut Buttry's testimony that she was not a spiritual advisor.

¶ 8    On January 22, 2024, the circuit court summarily dismissed the defendant's petition, finding that it was frivolous and patently without merit. The court, in its order, explained that it did not consider the timeliness of the petition, but found the record either contradicted the allegations contained in the defendant's petition, were raised in his direct appeal, or contained no new allegations outside the record, which resulted in forfeiture of the issues. Thereafter, the defendant filed his notice of appeal on February 26, 2024.

¶ 9                                        II. ANALYSIS

¶ 10   On appeal, the defendant contends that the circuit court's dismissal of his postconviction petition at the first stage should be reversed. The defendant argues that the petition stated the gist of a constitutional claim that his trial counsel was ineffective for failing to present testimony from Kharissa Guss and Emily Delp to rebut Buttry's testimony. The defendant concedes that he did not attach affidavits from Guss and Delp to his petition. The defendant does not explain why the affidavits were not attached; rather, he indicates that he was late in filing his petition because "his

---

[2]Delp's first name also appears as "Emilie" in the record.

3

incarceration makes it difficult for him to access affidavits," and that Guss and Delp would be willing to provide them "in the future." The State, in response, argues that the defendant's failure to attach the supporting affidavits from Guss and Delp justified the dismissal of the petition at the first stage. In his reply brief, the defendant maintains that his petition has satisfied the threshold for a first-stage postconviction petition and that he provided an explanation for the absence of Guss and Delp's affidavits.

¶ 11     The Post Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2024)) "provides a three-stage process for the adjudication of post[ ]conviction petitions. In the first stage, the circuit court determines whether the post[ ]conviction petition is 'frivolous or is patently without merit.' " *People v. Boclair*, 202 Ill. 2d 89, 99 (2002) (quoting 725 ILCS 5/122-2.1(a)(2) (West 2000)). "The State does not have an opportunity to raise any arguments against the petition during this summary review stage." *Id.* (citing *People v. Gaultney*, 174 Ill. 2d 410 (1996)). "The circuit court is required to make an independent assessment in the summary review stage as to whether the allegations in the petition, liberally construed and taken as true, set forth a constitutional claim for relief. The court is further foreclosed from engaging in any fact finding or any review of matters beyond the allegations of the petition." *Id.* (citing *People v. Coleman*, 183 Ill. 2d 366 (1998)). "To survive dismissal at this stage, the petition must only present 'the gist of a constitutional claim.' " *Id.* (quoting *Gaultney*, 174 Ill. 2d at 418). "If the petition is found to be 'frivolous' or 'patently without merit,' the court 'shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision.' " *Id.* at 100 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2000)). If the petition survives the initial stage, the proceeding moves to the second stage, where counsel may be appointed to an indigent defendant, and counsel has the opportunity to amend the petition. *Id.*

¶ 12 Section 122-2 of the Act mandates that a postconviction petition "clearly set forth the respects in which the petitioner's constitutional rights were violated" and that it "shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached." 725 ILCS 5/122-2 (West 2024). Thus, the Illinois Supreme Court has repeatedly held that the failure to attach affidavits or other supporting documentation or explain its absence is "fatal to petitioner's claims." *People v. Turner*, 187 Ill. 2d 406, 414 (1999).

¶ 13 The low threshold to survive summary dismissal at the first stage of a postconviction proceeding does not, however, "excuse the *pro se* petitioner from providing factual support for his claims; he must supply sufficient factual basis to show the allegations in the petition are 'capable of objective or independent corroboration.' " *People v. Allen*, 2015 IL 113135, ¶ 24 (quoting *People v. Collins*, 202 Ill. 2d 59, 67 (2002)). "A claim that trial counsel failed to investigate and call a witness must be supported by an affidavit from the proposed witness." *People v. Enis*, 194 Ill. 2d 361, 380 (2000). "In the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is unnecessary." *Id.*; see also *People v. Johnson*, 183 Ill. 2d 176, 192 (1998); *People v. Guest*, 166 Ill. 2d 381, 402 (1995); *People v. Thompkins*, 161 Ill. 2d 148, 163 (1994). While the absence of such affidavits may not be fatal to a postconviction petition if other evidence supports defendant's claims (see *People v. Dupree*, 2018 IL 122307, ¶¶ 42-43), failure to attach supporting documentation or explain its absence justifies the dismissal of the petition at the first stage of the proceedings. *Collins*, 202 Ill. 2d at 66; see also *Coleman*, 183 Ill. 2d at 380; *People v. Jennings*, 411 Ill. 21, 26 (1952).

¶ 14 While the circuit court did not expressly dismiss the defendant's petition for failing to attach affidavits from Guss and Delp, this court may affirm on any basis supported by the record.

See *People v. Quigley*, 365 Ill. App. 3d 617, 619 (2006). Summary dismissal was appropriate because the defendant did not comply with section 122-2 of the Act, which requires petitioners to attach supporting affidavits or explain their absence.

¶ 15     Here, the defendant asserts that his trial counsel was ineffective for failing to present testimony from Guss and Delp to rebut Buttry's testimony. We note that Guss was called to testify by the defendant but was not questioned about Buttry's spiritual counseling or gifts. We also note that Delp was listed as a witness for the defense but was not called to testify at trial.

¶ 16     As part of his petition, the defendant attached his own affidavits and affidavits from Stephen Burgund, Donna Burgund, and Gary Payne, but attached no affidavits from Guss or Delp. He also did not explain their absence. The defendant's own affidavits, attesting to what others would testify to, are insufficient to satisfy section 122-2 of the Act. 725 ILCS 5/122-2 (West 2024). To support his claim, the defendant needed objective or independent corroboration of his allegations, namely, affidavits from Guss and Delp, since his allegation of ineffective assistance of trial counsel was based on what these witnesses would have testified to at trial. *People v. Hall*, 217 Ill. 2d 324, 333 (2005); *Collins*, 202 Ill. 2d at 67; *People v. Teran*, 376 Ill. App. 3d 1, 3-4 (2007). The defendant's own affidavits are not independent or objective corroboration of the allegations (*Teran*, 376 Ill. App. 3d at 3-4); thus, the defendant's failure to provide such supporting documentation is fatal to his petition (*People v. Delton*, 227 Ill. 2d 247, 255 (2008)).

¶ 17     The defendant maintains, nonetheless, that he provided an explanation for why he did not attach the affidavits, namely, that he was incarcerated and that "his incarceration made it difficult for him to obtain their affidavits." Although the defendant asserted that incarceration made it difficult to "do things, go places, or speak to people in a timely manner," including "going to the Law Library to do legal research," and having "affidavits notarized," that claim explained only

why his petition was filed late; it did not explain why affidavits from these specific witnesses were missing. Moreover, the defendant does not cite, and our research has not revealed, any case holding that his purported explanation satisfies section 122-2. Although incarceration may complicate communications with potential witnesses, it is a circumstance shared by most petitioners and does not, without more, satisfy the Act's requirement that a petitioner either provide affidavits or explain with particularity why they could not be obtained. See *People v. Ruiz*, 2025 IL App (1st) 1230531-U,[3] ¶ 40. To hold that the defendant's incarceration alone excuses his failure to attach the necessary supporting materials would render the statutory requirement all but "meaningless." *People v. Harris*, 2019 IL App (4th) 170261, ¶ 19.

¶ 18    Even if we considered the defendant's own affidavits attesting to what Guss and Delp would testify to, in lieu of their own affidavits, the defendant failed to demonstrate that there is a reasonable probability that the outcome of his trial would have been different had counsel presented the testimony. As this court stated on direct appeal, "Buttry's credibility and possible bias were in fact subject to intense and protracted scrutiny and questioning on cross-examination, and as part of the defense's presentation of its case." *Burgund*, 2022 IL App (5th) 180378-U,[4] ¶ 114. This court also stated that "[i]n addition to the scrutiny [Buttry] faced on cross-examination, [she] was repeatedly attacked by defense witnesses." *Id.* ¶ 116. We therefore reject the defendant's claim and affirm the order of the circuit court of Madison County summarily dismissing defendant's *pro se* postconviction petition.

---

[3]This order was filed under Illinois Supreme Court Rule 23 (eff. Jan. 1, 2021) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

[4]This order was filed under Illinois Supreme Court Rule 23 (eff. Jan. 1, 2021) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

¶ 19                          III. CONCLUSION

¶ 20    Where the defendant failed to attach the required supporting documentation, the circuit court did not err in summarily dismissing his *pro se* petition.

¶ 21    Affirmed.